# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL PERAZA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-16-551-D |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **O R D E R**

In *Johnson v. United States*, ___ U.S. ____, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the Supreme Court held that imposing an increased sentence under the "residual clause" of the Armed Career Criminal Act (ACCA or Act), violated the Due Process Clause of the Fifth Amendment in that the residual clause was unconstitutionally vague. *Id*. at 2557. Petitioner entered a guilty plea to Count I of the Indictment charging him with unlawfully obstructing, delaying and affecting commerce by robbery in violation of 18 U.S.C. § 1951(a) and aiding and abetting the commission of that crime, pursuant to 18 U.S.C. § 2. He brings the present Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Petition") [Doc. No. 1], alleging *Johnson* mandates that his sentence be vacated and he should be re-sentenced without any career criminal enhancements. Petition at 12.

# DISCUSSION

The Court finds the Petition should be denied. The ACCA increases the punishment for certain offenses where the offender has three or more prior convictions for either a "serious drug offense" or "violent felony." 18 U.S.C. § 924(e)(1). Under the ACCA, a "violent felony" is defined as any crime "punishable by imprisonment for a term exceeding one year" that either "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the force clause), or "is burglary, arson, or extortion, [or] involves use of explosives" (the enumerated language), or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). 18 U.S.C. § 924(e)(2)(B)(i), (ii).

The record shows Petitioner has four prior convictions for bank robbery in the Eastern District of California. Presentence Investigation Report, ¶¶ 50-53 [Doc. No. 160]. Relevant here, bank robbery is defined thusly:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting

such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--

Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a). *Johnson* is no aid to Petitioner, because the residual clause does not apply to him, but rather the force clause, which properly applies to bank robbery under § 2113(a). *See Velasco v. United States*, No. CV-15-1389, 2015 WL 8276806, at *4 (D. Ariz. Oct. 23, 2015) ("Movant's conviction for two counts of bank robbery in violation 18 U.S.C. § 2113(a) constitutes a violent felony under the ACCA's 'elements clause,' 18 U.S.C. § 924(e)(2)(B)(i)[.]") (citing *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir.1990)). Moreover, the Sentencing Guidelines treat robbery as a "crime of violence" for purposes of sentence enhancement. *See* USSG § 4B1.2 n. 1.

Petitioner's convictions, therefore, were violent felonies under the ACCA's force clause, and therefore qualify him to be sentenced as a career offender. In light of these convictions, any re-sentencing would result in Petitioner still being classified as a career offender, and his request for relief under § 2255 is therefore denied.

## CONCLUSION

Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. No. 1] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 24th day of June, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE